IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GEMSTONE FOODS, LLC PLAINTIFF

v. CIVIL ACTION NO. 3:25-cv-504-KHJ-MTP

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION DEFENDANT

**ORIGINAL COMPLAINT**
**(JURY TRIAL DEMANDED)**

COMES NOW Gemstone Foods, LLC ("Plaintiff" or "Gemstone"), through counsel, and presents its Original Complaint against JPMorgan Chase Bank, National Association ("JPMorgan") as follows:

## I. PARTIES

1.1 Gemstone Foods, LLC is a Mississippi limited liability company that conducts business in the State of Mississippi. The sole member of Gemstone is Gemstone Foods Group, LLC, a Mississippi company. Gemstone does business in Jackson, Mississippi.

1.2 JPMorgan Chase Bank, National Association is a national bank incorporated in Alabama with its principal place of business in Columbus, Ohio. JPMorgan Chase does business in the State of Mississippi and may be served with process on its registered agent, C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

## II. JURISDICTION AND VENUE

2.1 This Court has jurisdiction of this case pursuant to 28 USC § 1332(a) due to complete diversity of the parties and the fact that the dispute involves more than $75,000.

2.2 This Court has venue of this case pursuant to 28 USC § 1391 (b) because a substantial part of the claims occurred in Jackson, Mississippi.

## III. FACTS

3.1 JPMorgan provides traditional banking services to customers including checking account services. Before July 11, 2022, JPMorgan permitted the opening of two fraudulent checking accounts (the "Fraudulent Accounts"). One account is identified as account number [redacted]. The other was account number [redacted]. When they permitted the opening of the accounts, JPMorgan failed to verify the identity of the account holders through verification of Social Security Numbers and Tax Identification Numbers as well as the identity of the authorized persons permitted to open the accounts. JPMorgan further deviated from industry standard account opening procedures, as well as their own procedures, by not securing and verifying required documentation. authorization, and agreements for authentication of the authorized account holder and authority of signatories and owners. The Fraudulent Accounts were then used by their owners to defraud Gemstone. The account owners, not yet known to Gemstone, are referred to as intermeddlers in this Original Complaint.

3.2 In or about July 11, 2022, Gemstone sought to purchase products from Food Processing Equipment Company ("FPEC"). Gemstone, a Mississippi company, maintains its account at Regions Bank. Gemstone directed payment of $116,489.10 for FPEC products via wire transfer from their Regions Bank account to the account of FPEC on July 11, 2022.[1] Through the use of Fraudulent Account number [redacted], the intermeddlers intercepted the wire transfer and caused the wire to be sent to their Fraudulent Account instead of the authorized account of FPEC.

[1] See Wire Transfer document, Exhibit "1".

3.3 In or about July 26, 2022, Gemstone sought to purchase products from Arkotex, Inc. Gemstone directed payment of $70,689.50 for these products via wire transfer from their Regions Bank account to the account of Arkotex on July 26, 2022.[2] Through the use of Fraudulent Account number [redacted], the intermeddlers intercepted the wire transfer and caused the wire to be sent to their Fraudulent Account instead of the authorized account of Arkotex.

3.4 When the wire transfer orders were submitted by Gemstone for payment, JPMorgan had actual knowledge that the Fraudulent Accounts were not authorized accounts because they were not opened by persons authorized to open the accounts. Accordingly, JPMorgan had actual knowledge that the Fraudulent Accounts were not the accounts authorized to receive the wired funds.

3.5 When the wire transfer orders were received by JPMorgan, JPMorgan possessed knowledge that the intended beneficiaries of the two wire transfers were not the owners of the Fraudulent Accounts.

3.6 JPMorgan permitted the intermeddlers to defraud Gemstone.

## IV. CAUSES OF ACTION

### A. Negligence

4.1 The facts pled above are incorporated herein as if fully set forth.

4.2 JPMorgan acted negligently in allowing the Fraudulent Accounts to be opened and used to defraud Gemstone. When failing to properly authorize the opening of these accounts, JPMorgan was fully aware of the fact that checking accounts could be used for incoming wire transfers and that theft occurs daily when proper procedures are not followed in the opening of

[2] See Wire Transfer document, Exhibit “2”.

accounts. Gemstone was a foreseeable victim of such fraud. Gemstone suffered a loss of $187,178.60 as the proximate result of JPMorgan's negligence.

4.3 Gemstone is entitled to recover all damages suffered as a result of JPMorgan's actions together with prejudgment and post judgement interest and costs.

**B. Gross Negligence**

4.4 The facts pled above are incorporated herein as if fully set forth.

4.5 The acts of JPMorgan in allowing the Fraudulent Accounts to be opened and used to defraud Gemstone were undertaken with gross, reckless and willful disregard for the rights of Gemstone. Accordingly, Gemstone is entitled to an award of punitive damages, attorneys fees and costs, expenses of litigation and all other losses suffered.

**C. Violation of FL St. § 670.101et seq. Florida Statutes Annotated**

4.6 The facts pled above are incorporated herein as if fully set forth.

4.7 JPMorgan received the wire transfers described in paragraphs 3.2 and 3.3 of this Original Complaint with actual knowledge that the beneficiary accounts were not authorized accounts. JPMorgan further had actual knowledge that the owners of the beneficiary accounts were not authenticated, authorized, or the actual intended recipients of the wires. Accordingly, the wires were unauthorized and should have been rejected.

4.8 JPMorgan accepted the funds from Gemstone and allowed JPMorgan's Fraudulent Account owners to withdraw the money.

4.9 Gemstone is entitled to an award of damages as a result of JPMorgan's acts in the amount of $187,178.60 plus prejudgment and post judgment interest and attorneys fees.

WHEREFORE, PREMISES CONSIDERED, Gemstone respectfully prays that upon hearing or trial of this case, a judgment be entered in favor of Gemstone against JPMorgan in the amount of $187,178.60 together with prejudgment and post judgment interest, punitive damages, and attorneys fees.

This, the 10th day of July, 2025.

Respectfully submitted,

GEMSTONE FOODS, LLC

By: <u>*/s/ Michael A. Heilman*</u>
Michael A. Heilman

OF COUNSEL:

Michael A. Heilman (MSB No. 2223)
Heilman Nisbett Polk, P.A.
Meadowbrook Office Park
4266 I-55 North, Suite 106
Jackson, Mississippi 39211
Telephone: (601) 914-1025
Facsimile: (601) 944-2915
mheilman@hnplawyers.com

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification to all counsel of record.

This, the 10th day of July, 2025.

*/s/ Michael A. Heilman*
Michael A. Heilman