UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GEMSTONE FOODS, LLC PLAINTIFF

V. CIVIL ACTION NO. 3:25-CV-504-KHJ-MTP

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION DEFENDANT

# ORDER

Before the Court is JPMorgan Chase Bank, National Association's ("Chase") [4] Motion to Dismiss Gemstone Foods, LLC's ("Gemstone") [1] Complaint. For the reasons stated below, the Court grants the [4] Motion and dismisses this case.

## I. Background

This case is about two wire transfers gone wrong. Gemstone wired $116,489.10 from its Regions Bank account to Food Processing Equipment Company ("FPEC"). Compl. [1] ¶ 3.2; FPEC Payment Confirmation [1-1]. Four days later, Gemstone wired $70,689.50 to Arkotex Inc. ("Arkotex"). *Id.* ¶ 3.3; Arkotex Payment Confirmation [1-2]. But neither payment reached its intended beneficiary because unknown "intermeddlers" diverted the transfers and took the money. [1] ¶ 3.2.

Gemstone says Chase "permitted the intermeddlers to defraud Gemstone." *Id.* ¶ 3.6. Gemstone claims Chase had "actual knowledge that the [intermeddler's accounts] were not authorized to receive the wired funds." *Id.* ¶ 3.4. Gemstone knows Chase had this knowledge for two reasons. First, Chase opened two checking accounts without "verify[ing] the identity of the account holders" through social

security numbers or tax identification numbers. *Id.* ¶ 3.1. Second, Chase "deviated from industry standard account opening procedures" by failing to verify "documentation[,] authorization, and agreements for authentication of the authorized account holder and authority of signatories and owners." *Id.* On that basis, Gemstone sued Chase for negligence, gross negligence, and violations of the Florida Uniform Commercial Code ("UCC"). *Id.* ¶¶ 4.1–4.9.

Chase now moves to dismiss Gemstone's [1] Complaint under Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. to Dismiss [4]. Chase argues that Gemstone's negligence and gross negligence claims fail because Chase does not owe a duty to a noncustomer. Def.'s Mem. in Supp. [5] at 5–7; Def.'s Reply [12] at 3–8. And Gemstone's UCC claim fails because Gemstone lacks privity with Chase. [5] at 10. Gemstone responds that "a bank owes a duty to users of the banking system, including noncustomers . . . ." Pl.'s Mem. in Supp. [10] at 1 (quoting *Elkin Valley Baptist Church v. PNC Bank, NA*, 748 F. Supp. 3d 293, 352 (W.D. Penn. 2024)). But Gemstone makes no attempt to defend its Florida UCC claim. *Id.* at 3 (dropping the UCC claim and listing only two causes of action).

## II. Standard

In reviewing a motion under Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation modified).

A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.*

III. Analysis

The Court dismisses this case for two reasons. First, Gemstone's negligence and gross negligence claims fail because Chase does not owe a duty to Gemstone. Second, Gemstone abandons its Florida UCC claim. Because neither of Gemstone's claims survive, the Court dismisses this case with prejudice under Federal Rule 12(b)(6).

A. Negligence and Gross Negligence Claims

To begin, Mississippi law governs this dispute. *See Krieser v. Hobbs,* 166 F.3d 736, 739 (5th Cir.1999) (holding that a federal court sitting in diversity applies the substantive law of the state in which it sits).[1] And, under Mississippi law, Gemstone can only state negligence and gross-negligence claims by "prov[ing] duty, breach, causation and injury." *Rein v. Benchmark Const. Co.*, 865 So. 2d 1134, 1143 (Miss. 2004). In order "to prevail in any type of negligence action, a plaintiff must

[1] This Court has diversity jurisdiction over this case. *See* [1] ¶ 2.1; 28 U.S.C. § 1332(a). Complete diversity exists between the parties. *See* [1] ¶¶ 1.1–1.2; *see Nguyen v. Bank of Am., N.A.*, 539 F. App'x 325, 327 n.1 (5th Cir. 2013) ("A national bank may be considered a citizen of the State designated in its articles of association as its main office.") (citation modified). And the dispute involves more than $75,000. *See* [1] ¶ 4.9.

first prove the existence of a duty." *Douglas v. Trustmark Nat'l Bank*, 201 F. Supp. 3d 800, 805 (S.D. Miss. 2016) (citation modified). And duty is a question of law. *Griffith v. Entergy Mississippi, Inc.*, 203 So. 3d 579, 585 (Miss. 2016).

At the motion-to-dismiss stage, then, the threshold question of law is whether Gemstone has adequately alleged facts that, if taken as true, plausibly establish the existence of a legal duty. Here, that threshold question turns on whether Chase owed a duty to a noncustomer injured by a cybercriminal's misuse of an account the bank allegedly opened without following "well established protocols." [10] at 5. Gemstone says duty depends on foreseeability and that it was foreseeable that cutting corners at the account-opening stage would invite precisely this sort of fraud. *Id.* Chase disagrees. [5] at 5–7. It says Mississippi law does not extend a bank's duty of care to noncustomers harmed by a third party's criminal conduct. *Id.*

Mississippi courts have not squarely resolved whether a bank owes a duty to noncustomers in this context. In the ordinary course, that silence would call for an "*Erie* guess" about how the Mississippi Supreme Court would decide the issue. But the Fifth Circuit has already made that *Erie* guess in *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507 (5th Cir. 2018), and that prediction binds this Court absent a clearly contrary decision from the Mississippi Supreme Court or intervening statutory authority. *See F.D.I.C. v. Abraham*, 137 F.3d 264, 269 (5th Cir. 1998).

In *Midwest Feeders*, a bank customer authorized an agent to use its account for a limited business purpose. 886 F.3d at 510–12. The agent instead diverted

funds by depositing checks drawn on the customer's account into a personal account at another bank, and the customer sued that other bank for failing to prevent the misuse. *Id.* The Fifth Circuit recognized that "[n]o Mississippi case directly addresses whether a bank may owe a duty to a non-customer in [similar] circumstances." *Id.* at 515. So it made an *Erie* guess about whether the Mississippi Supreme Court would recognize such a duty and concluded that Mississippi would not impose on a bank a duty of reasonable care to a noncustomer. *Id.* at 519. In doing so, the Fifth Circuit emphasized that it "cannot use [an] *Erie* guess to impose upon Mississippi a new regime of liability for its banks," because "[w]hen making an *Erie* guess, [the court's] task is to attempt to predict state law, not to create or modify it." *Id.* at 519 (citation modified).

The Court follows the Fifth Circuit's lead, as vertical stare decisis requires. *See Abraham*, 137 F.3d at 269. Under *Midwest Feeders*, Chase owes no duty to Gemstone, a noncustomer. *Midwest Feeders*, 886 F.3d at 519. And a negligence claim "cannot survive unless the defendant had a duty to the plaintiff." *Great Am. E & S Ins. Co. v. Quintairos, Prieto, Wood & Boyer, P.A.*, 100 So. 3d 420, 426 (Miss. 2012). Gemstone's negligence and gross-negligence claims are therefore dismissed.

Gemstone offers two responses, but neither is persuasive. First, it says duty "turns on whether the defendant could reasonably foresee that its actions would cause the plaintiff's injury" and leans on *Green Hills Development Co., LLC v. Oppenheimer Funds, Inc.*, No. 3:19-CV-416-DPJ-FKB, 2020 WL 376659 (S.D. Miss. Jan. 23, 2020). [10] at 4. But *Green Hills*—a pre-*Midwest Feeders* decision—dealt

with a bank acting as trustee in a public bond transaction and thus owing fiduciary duties, not a garden-variety duty of ordinary care. *Green Hills,* 2020 WL 376659, at *1–2, *7, *9. The court's duty analysis was expressly tethered to that fiduciary relationship. This case has none of that—no trustee, no bond deal, no fiduciary tie between Chase and Gemstone. *Green Hills* cannot do the work Gemstone asks of it.

Second, Gemstone cites *Elkin Valley Baptist Church v. PNC Bank, N.A.*, 748 F. Supp. 3d 293 (W.D. Pa. 2024). [10] at 6. But a Pennsylvania district court applying Pennsylvania law does not set Mississippi tort law. Out-of-circuit decisions are, at best, persuasive, *see Garcia v. Amfels, Inc.*, 254 F.3d 585, 588 (5th Cir. 2001), and they are poor guides when they construe a different state's law. Sitting in diversity, this Court must take its cues from Mississippi, not Pennsylvania. *See Krieser*, 166 F.3d at 739.

Gemstone identifies no Mississippi statute, Supreme Court decision, or other post-*Midwest Feeders* authority extending a bank's duty of care to noncustomers. This Court will not ignore binding Fifth Circuit precedent. Under *Midwest Feeders,* Chase owes no duty to Gemstone. *Midwest Feeders*, 886 F.3d at 519. And a negligence claim "cannot survive unless the defendant had a duty to the plaintiff." *Great Am. E & S Ins. Co.*, 100 So. 3d at 426. As a result, Gemstone's negligence and gross-negligence claims are dismissed.

B. Florida UCC Claims

Gemstone's [1] Complaint includes a cause of action under the Florida UCC. [1] ¶¶ 4.6–4.9. But Gemstone makes no attempt to defend this claim in response to

Chase's [4] Motion. *See* [10] at 3 (dropping the UCC claim and listing only two causes of action). On that basis, the Court dismisses Gemstone's UCC claims. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (explaining that a plaintiff's "failure to pursue [a] claim beyond her complaint constitute[s] abandonment"); *see also Bedford v. Tex. Dep't of Trans.*, 810 F. App'x 264, 268 (5th Cir. 2020) (per curiam) (finding no error in district court finding claims abandoned because plaintiff failed to respond to defendant's motion on the specific claims).

IV. Conclusion

For the reasons stated above, the Court GRANTS Chase's [4] Motion and DISMISSES Gemstone's [1] Complaint with prejudice.[2] In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 23rd day of December, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

[2] Dismissal for failure to state a claim is a dismissal on the merits and with prejudice. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 n.6 (5th Cir. 2004).